UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 19-cr-00082-PLF |
| v. | : |
| | : |
| DEMETRIUS MCMILLAN, | : |
| | : |
| Defendant. | : |

### UNITED STATES' MEMORANDUM IN RESPONSE

The United States of America, by and through the undersigned counsel hereby submits its response to the United States Probation Office Memorandum (Notice of Expiration w/ Outstanding Financial Obligation) (hereinafter "Notice of Expiration") (ECF 62).  In a minute order dated October 29, 2025, the Court directed the United States to respond to the Notice of Expiration by November 7, 2025.

The Defendant pled guilty to one count of Bribery of a Public Official in violation of 18 U.S.C. §201(b)(2)(A) and sentenced to eighty-four months of incarceration and three years of supervised release.  The Defendant was ordered to pay $1,456,985 in restitution.  In an order dated

February 23, 2023, the Court ordered that the Defendant be released from prison to home detention due to complication associated with his diabetes. However, the order for restitution remained in place. The Notice of Expiration indicates that the Defendant has paid $1,250. The Notice of Expiration indicates that the Defendant's period of Supervised Release is set to expire on February 27, 2026. There is no legal basis to extend the Defendant's period of supervised released. Therefore, the sole means for recouping the full amount of restitution will be through civil process.

The Notice of Expiration correctly notes that the United States Attorney's Office and/or the United States Department of Justice will pursue enforcement of monetary penalties following the expiration of supervised release. Although the amount of restitution made by the Defendant up to now is very disappointing, the United States does not believe that any sanction is warranted here. It would be appropriate, based upon the totality of the record, that the United States avail itself of the civil and administrative remedies for collecting the mount restitution still owed by the Defendant. In sum, the United States does not oppose allowing the Defendant to complete his supervised release with a restitution balance outstanding.

For the record, the United States would oppose any early termination of supervised release and the Defendant should continue to make payment through February of 2026. If the Notice of Expiration is deemed to be a request for early termination, the United States respectfully requests an opportunity to be heard.

Dated: November 3, 2025

By: /s/ Michael T. Truscott
Assistant United States Attorney
D.C. Bar No. 1685577
601 D Street NW
Washington, DC 20530
(202) 252-7223
Michael.Truscott2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this, the 3rd day of November 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By:   /s/ Michael T. Truscott
      Assistant United States Attorney